# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

      Plaintiff,

v.

DECKER TRANSPORT CO., INC.,

      Defendant.

_____/

Case No.

Honorable

**COMPLAINT
AND JURY DEMAND**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Anita Pilette-Phillips ("Phillips") who was adversely affected by such practices. The Equal Employment Opportunity Commission alleges that Defendant Decker Transport Co., Inc. violated Title VII when it discharged Phillips on the basis of sex, pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and

enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Decker Transport Co., Inc. (the "Employer") has continuously been an Ohio corporation, with its primary place of business in New Jersey, doing business in the State of Michigan and the City of Detroit, and has continuously had at least 15 employees.

5. Defendant Employer is a wholly-owned subsidiary of P.A.M. Transportation Services, Inc.

6. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Phillips filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least April 30, 2007, Defendant Employer has engaged in unlawful employment practices in the Detroit area, in violation of Section 703(a), 42 U.S.C. § 2000e-2(a). The Defendant's unlawful employment practices include discharging Phillips from her truck driving position on the basis of sex, pregnancy.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Phillips of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

2

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Phillips.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex, including pregnancy;

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female applicants and employees, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant Employer to make whole Phillips, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited reinstatement of Phillips.

D. Order Defendant Employer to make whole Phillips by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including medical and other health expenses, in amounts to be determined at trial;

E. Order Defendant Employer to make whole Phillips by providing compensation for past

and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including embarrassment, humiliation, and mental anguish, in amounts to be determined at trial;

F. Order Defendant Employer to pay Phillips punitive damages for its malicious or reckless conduct described in paragraph 8 above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest;

H. Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Dated: August 7, 2009

DEBORAH M. BARNO (P44525)
Supervisory Trial Attorney

LAUREN GIBBS (P67872)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DETROIT FIELD OFFICE
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 226-4620
lauren.gibbs@eeoc.gov

4